IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CITIZENS STATE BANK,

                Plaintiff,

  v.

                                                               ORDER

RELIABLE TRANSPORTING LLC,
HD TRANSPORT, LLC, RELIABLE EXPRESS, LLC,      16-cv-599-jdp
DAVID C. STUBB, SUZANNE STUBB, and
MOORE OIL COMPANY,

                Defendants.

---

Plaintiff Citizens State Bank filed a complaint in Wisconsin state court against defendants Reliable Transporting LLC, HD Transport, LLC, Reliable Express, LLC, David C. Stubb, Suzanne Stubb, and Moore Oil Company. Citizens's claims arise under state law: Citizens alleges that the LLCs failed to comply with the terms and conditions of two business notes, a credit agreement, and a credit card agreement; failed to make payments; and ultimately defaulted on the loans. Citizens seeks the total amount due and owing under the loan agreements, which amounts to nearly $850,000. This is also a replevin action, as Citizens petitions to seize collateral described in various security agreements that the LLCs executed. Citizens also brings a cause of action against pro se defendant David C. Stubb, because he guaranteed the loans.

Stubb has removed this case to this court. But I must remand this case back to the Circuit Court for Chippewa County, Wisconsin for several reasons.

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and

division embracing the place where such action is pending." Put simply, Stubb may remove this case to this court only if he is able to demonstrate that this court may exercise subject matter jurisdiction over the case. Unless the party invoking federal jurisdiction—here, Stubb—establishes that the case raises a federal question, or that the parties are completely diverse and the amount in controversy exceeds $75,000, the court must remand the case. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).

Stubb contends that this court may exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 (i.e., federal question jurisdiction), because it "aris[es] under the Constitution, laws, or treaties of the United States." Dkt. 2, at 2. Stubb cites the Due Process Clause and contends that Citizens has engaged in unfair and deceptive advertising and trade practices, in violation of 15 U.S.C. § 52, and that Citizens has violated the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Fair Credit Billing Act.

Although Stubb cites federal law, he has not actually demonstrated that this case raises a federal question. Citizens brings exclusively state law claims. And even if I construe Stubb's filings as an attempt to raise federal counterclaims, these claims do not establish that this case arises under the laws of the United States. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("One measure of the limited scope of the removal power is the well-established doctrine that a case may not be heard in district court when the only federal question posed is raised by a defense argument, even if the plaintiff anticipated the defense argument and even if both parties concede the federal question is the only real issue in the case."). This court does not have federal question jurisdiction over the case that Citizens brought in state court. So Stubb may remove this case only if he is able to show that this court may exercise diversity jurisdiction over the case, pursuant to 28 U.S.C. § 1332. *See*

*Allied-Signal*, 985 F.2d at 911 ("There is no dispute that the district court lacked diversity jurisdiction in this case, meaning that the court only had subject matter jurisdiction if it was able to pluck a legitimate federal question out of the filings.").

It appears that the parties are not diverse, and Stubb does not argue that they are. Regardless, Stubb cannot remove this case. The complaint and Stubb's own filings indicate that Stubb resides in Wisconsin. Although an individual's residence does not establish his citizenship,[1] I strongly suspect that Stubb is a citizen of Wisconsin. Under the "forum defendant rule," 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Citizens initiated this case in Wisconsin state court. So even if Stubb could establish that this court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, the forum defendant rule precludes Stubb from removing this case.

Stubb improperly removed this case, and I will remand it back to the Circuit Court for Chippewa County, Wisconsin.

---

[1] *Lake v. Hezebicks*, No. 14-cv-143, 2014 WL 1874853, at *1 (N.D. Ind. May 9, 2014) ("Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile." (citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002))).

ORDER

IT IS ORDERED that this case is remanded to the Circuit Court for Chippewa County, Wisconsin. The clerk is directed to return the record to the state court and to mail a certified copy of this order to the clerk of the state court.

Entered September 9, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge